HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES CASSEY,

    Plaintiff,

    v.

VA MEDICAL CENTER- PROSITETICS DEPARTMENT,

    Defendant.

Case No. 2:23-cv-01503-RAJ

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. # 4. The Court has considered the motion and record, and is fully advised. For the reasons below, the Court **GRANTS** the Motion.

## II. BACKGROUND

On March 16, 2023, Plaintiff filed a Notice of Small Claim in King County District Court for the State of Washington against "V.A Medical Center Prositetics Dept" [sic], claiming $5,000 for "Merchandise." Plaintiff's listed "reason for claim" is, in full, "Replacement for power wheelchair" and "Discrimination." On September 27, 2023, the United States removed this action to federal court pursuant to 42 U.S.C. § 1442(a)(1). Dkt. # 1.

ORDER – 1

### III.  DISCUSSION

The United States argues that Plaintiff's lawsuit should be dismissed because it is apparently based on the denial of veterans' benefits, and the sole avenue for challenging such decisions is through the Board of Veterans' Appeals. Additionally, the United States argues that the Plaintiff's claim is based on a veterans' benefits determination, Plaintiff failed to exhaust his administrative remedies before filing suit as required by 28 U.S.C. § 2675(a).

Under Fed. R. Civ. P. 12(b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.

ORDER – 2

1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States is correct that it is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

### A.     The Veterans' Judicial Review Act

The substance of Plaintiff's complaint is that the Defendant owes him coverage for a power wheelchair. However, the Ninth Circuit has made clear that under the Veterans' Judicial Review Act of 1988 ("the VJRA"), district courts do not have the authority to review the VA's benefits decisions. *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022–25 (9th Cir. 2012) (a district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions).

To the extent that Plaintiff makes a claim that the VA improperly denied his request for benefits, his claim must be dismissed pursuant to the VJRA. The Court would be required to review the circumstances under which Plaintiff made his request for benefits, the VA's decision-making process for determining whether to grant the requested benefits, and the facts and law upon which the VA's determinations were made. Accordingly, the Court lacks jurisdiction to hear this claim.

### B.     Failure to exhaust administrative remedies

Even if the VJRA did not apply, the United States also argues that Plaintiff failed to exhaust his administrative remedies. The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall

ORDER – 3

squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of sovereign immunity, rendering the United States liable for certain torts of federal employees. *See* 28 U.S.C. § 1346(b). "[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Here, Plaintiff has never presented an administrative claim to the VA. *See* Dkt. #6, ¶¶ 3-5. Plaintiff has therefore failed to exhaust his administrative remedies. Accordingly, he has failed to exhaust his administrative remedies and so, there has been no waiver of sovereign immunity.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 4.

DATED this 1st day of December, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4